Tammy Hussin, Esq. (Bar No. 155290)
Hussin Law
1596 N. Coast Hwy 101
Encinitas, CA 92024
Telephone 877-677-5397
Tammy@HussinLaw.com

Attorney for Plaintiff, Robert Gruder

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Gruder,<br><br>   Plaintiff,<br><br>vs.<br><br>Crisp Marketing, LLC, and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.: '20CV0796 BEN AHG<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ;*** |

For this Complaint, Plaintiff, Robert Gruder, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

COMPLAINT FOR DAMAGES

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Robert Gruder ("Plaintiff"), is an adult individual with a residence in San Diego, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant, Crisp Marketing, LLC ("Crisp"), is a Florida limited liability company, and is a "person" as defined by 47 U.S.C. § 153(10). Crisp is a telemarketer that initiates outbound telephone calls to induce consumers to purchase goods or services from various affiliates. Crisp transacts or has transacted business in this judicial district and throughout the state of California.

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Crisp and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Defendants at all times acted by and through one or more of the Agents.

## THE TCPA

8. When Congress enacted the TCPA, it found that "automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. 11 L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.

9. The Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, has also

recognized that the TCPA's protections regarding robocalls to cellular telephones were enacted because wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Red. 14014 (2003).

10. The TCPA thus makes it unlawful to make any call using an "automatic telephone dialing system" to any telephone number assigned to cellular telephone service unless the call is made "for emergency purposes" or with the "prior express consent of the called party." 47 U.S.C. § 227(b)(l)(A)(iii).

11. In 2012, pursuant to its rulemaking authority under the TCPA, the FCC imposed even stricter requirements on "advertising" and "telemarketing" text messages by making it unlawful to: Initiate, or cause to be initiated, any telephone call that includes or introduced an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any [cellular telephone number], other than a call made with the prior express written consent of the called party[.] 47 C.F.R. § 64.1200(a)(2). This prior express written consent requirement became effective on October 16, 2013.

12. The term "prior express written consent" means:

> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. (i) The written agreement shall include a clear and conspicuous disclosure informing the person signing that: (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (B) The person is not required to sign the agreement (directly or

indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

47 C.F.R. § 64.1200(t)(8). In other words, the agreement "must tell consumers the telemarketing will be done with autodialer equipment and that consent is not a condition of purchase." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Red 7961, 8012-8013i 98 (F.C.C. July 10, 2015).

## THE FACTS

13. Crisp solicits and sells various products to consumers during outbound calls, while engaging in overly-aggressive telemarketing practices to induce the purchase of its products and services.

14. Crisp has a history of engaging in illegal telemarketing practices, and has been called to defend a multitude of TCPA claims against them, including a TCPA class action.

15. As demonstrated herein, in their overly aggressive efforts to solicit goods and services to Plaintiff, Crisp violated, and continues to violate, the TCPA.

16. Sometime in or around 2019, Crisp began calling Plaintiff in an attempt to solicit its goods and services to him.

17. Crisp called Plaintiff on his cellular phone ending in 4150, and also on his residential landline ending in 7377.

18. The calls from Crisp were made using an automated telephone dialing system and by using an automated voice. When Plaintiff answered the calls from Crisp, he heard an automated voice.

19. Plaintiff is not, and never has been, interested in purchasing products from Crisp, and never knowingly agreed to be contacted by Crisp.

20. In fact, Plaintiff abhors telemarketing calls and did not welcome the intrusive calls from Crisp. As such, Plaintiff answered a number of calls from Crisp and clearly expressed a desire to not be called.

21. Despite clearly articulating a desire to not be called, Crisp nonetheless continued to autodial Plaintiff at an annoying and harassing date, sometimes calling Plaintiff multiple times throughout the day.

22. Crisp called Plaintiff from a variety of different area codes and many different phone numbers, only adding to Plaintiff's frustration.

23. Upon information and belief, Crisp intentionally caused confusion by calling Plaintiff from many different phone numbers in order to hide its true identity and escape liability for violating the TCPA.

24. The deceptive and annoying telemarketing efforts of Crisp left Plaintiff feeling frustrated, angry, distressed, confused, and annoyed. The constant calls interrupted Plaintiff's day, disrupted his family dinner time, and interfered with Plaintiff's right to be free from intrusions into his privacy.

25. Plaintiff was ultimately forced to retain counsel in order to get the calls from Crisp to finally stop.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET. SEQ.*

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. At all times referenced herein and within the last four years, Defendants placed calls to Plaintiff on his cellular telephones and his residential landline using an automated telephone dialing system and by using an artificial or prerecorded voice.

28. Defendants' telephone dialing systems have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. Defendants failed to provide Plaintiff with "clear and conspicuous" notice to constitute consent to receive automated calls from Crisp, in violation of 47 CFR § 64.1200(f)(3).

31. Defendants have no "established business relationship" with Plaintiff as the term is defined in 47 CFR § 64.1200(f)(5), and as such had no prior express consent to call Plaintiff.

32. Defendants did not obtain Plaintiff's written consent to be called as required by 47 CFR § 64.1200(a)(2).

33. With no written consent and no established business relationship, Defendants calls were made without Plaintiff's consent.

34. Even if somehow Plaintiff consented to be called by Crisp, Plaintiff made numerous verbal do-not-call directives in an effort to stop the calls. As such, Defendants' calls to Plaintiff are in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

35. While placing calls to Plaintiff, Crisp, knew the prohibitions of the TCPA, and knew its calls to Plaintiff were illegal. Crisp knowingly ignored Plaintiff's do-not-call directives and consciously elected to barrage Plaintiff with automated calls without his consent. As such, Crisp should be subject treble damages for knowingly and/or willfully violating the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

///

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

A. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

B. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. An Order from the Court requiring Defendants to comply with the aforementioned Permanent Injunction.

D. Such other and further relief as may be just and proper.

DATED: April 27, 2020                    TAMMY HUSSIN

By: /s/Tammy Hussin
Tammy Hussin, Esq.
Hussin Law
Attorney for Plaintiff, Robert Gruder